UNITED STATES DISTRICT COURT
Middle District of Georgia

| | |
|---|---|
| STANLEY TELLEZ, individually and by and through his Guardian RICHARD M. KIMMER, JR.<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH CERAVOLO, M.D., Individually, NORTH COLUMBUS EYE CENTER, P.C., DR. TITUS PAYNE, M.D., Individually<br><br>Defendants, | Civil Action<br>File No.: 4-11-cv-97 (CDL)<br><br>COMPLAINT AND JURY DEMAND |

## JURISDICTION

1. Plaintiff is STANLEY TELLEZ lives in, Russell County, Alabama. The Plaintiff is an incapacitated adult. Plaintiff RICHARD M. KIMMER, JR. also lives in Phenix City, Russell County, Alabama and is the legal Guardian of said STANLEY TELLEZ, having been duly appointed by the Probate Court of Russell County, Alabama. The Plaintiffs are residents of the State of Alabama.

2. At all times pertinent to this action, Defendant JOSEPH CERAVOLO, M.D., was a physician and surgeon, specializing on Ophthalmology, and duly licensed to practice his profession within the State of Georgia. Defendant, JOSEPH CERAVOLO, M.D., is a citizen of the State of Georgia.

3. At all times pertinent to this action, Defendant NORTH COLUMBUS EYE CENTER, P.C., was a Corporation duly organized and existing under the laws of the State of Georgia, with its principal place of business in Columbus, Muscogee County, Georgia.

1

4. Defendant, TITUS PAYNE, M.D., was a physician and surgeon, specializing in Opthalmology and duly licensed to practice his profession within the State of Alabama. Defendant, TITUS PAYNE, M.D., is a citizen of the State of Georgia.

5. This court has jurisdiction of this civil action to recover damages under 28 U.S.C. § 1332, in that there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## CLAIM FOR RELIEF

6. At all time pertinent to this action, Defendant JOSEPH CERAVOLO, M.D., was employed by Defendant NORTH COLUMBUS EYE CENTER, P.C. as a physician, with a specialty in Opthalmology, and as a surgeon.  All of the acts of Defendant JOSEPH CERAVOLO, M.D. were performed within the scope of his employment and agency with Defendant NORTH COLUMBUS EYE CENTER, P.C. and said Defendant NORTH COLUMBUS EYE CENTER, P.C. is liable to the Plaintiffs for the acts of said Defendant JOSEPH CERAVOLO, M.D. under the principles of employment, agency and respondeat superior.

7. On June 17, 2009 Plaintiff STANLEY TELLEZ, with the assistance of his caregiver, consulted Defendant TITUS PAYNE, M.D. as a physician with a complaint of decreased vision.  Defendant TITUS PAYNE, M.D. diagnosed Plaintiff STANLEY TELLEZ'S condition as one appropriate for cataract surgery in both eyes.  At that time, Defendant TITUS PAYNE, M.D. informed the Plaintiff STANLEY TELLEZ and his caregiver that a correction of the conditions in the eyes of Plaintiff TELLEZ should be performed; that the correction could be performed only by surgical procedure and referred the Plaintiffs

2

TELLEZ and his caregiver to Defendant NORTH COLUMBUS EYE CENTER, P.C. and, in particular, Defendant JOSEPH CERAVOLO, M.D.  All of the services rendered by Defendant TITUS PAYNE, M.D. were provided for compensation or in expectation of compensation.

8.  On July 21, 2009 Defendant CERAVOLO performed cataract surgery on the right eye of Plaintiff TELLEZ.  Following this surgery at the facility of the Defendant NORTH COLUMBUS EYE CENTER, P.C. Plaintiff STANELY TELLEZ had no effective vision in the eye on which the procedure had been performed.  Defendant CERAVOLO did not examine the Plaintiff STANLEY TELLEZ post-operatively.  Defendant CERAVOLO referred Plaintiff TELLEZ back to DR. TITUS PAYNE for post-operative follow up evaluation and care.  Plaintiff TELLEZ did not experience a return of vision in the right eye.  Defendant, TITUS PAYNE, M.D. reassured the Plaintiff's caregiver that vision would return, but did not advise the caregiver of any explanation or reason for the loss of vision.  On July 29, 2009Defendant TITUS PAYNE referred Plaintiff TELLEZ back to DR. CERAVOLO for cataract surgery on the left eye.  This surgery was performed by Defendant CERAVOLO at the facility of Defendant NORTH COLUMBUS EYE CENTER, P.C. on August 4, 2009.  At the time of the surgery on the second eye, the patient had not experienced improvement in the right eye.  Surgery on the left eye was equally unsuccessful, also resulting in the loss of vision.  All of the services rendered by Defendant JOSEPH CERAVOLO, M.D. and Defendant NORTH COLUMBUS EYE CENTER, P.C. were rendered in Columbus, Muscogee County, Georgia, for compensation or an expectation of compensation

9. Subsequent care and treatment have not resulted in the restoration of Plaintiff's vision in either eye and he is now blind.

10. Defendant TITUS PAYNE, M.D. was negligent, at fault and guilty of malpractice in that he failed to exercise the degree of skill and care found in the medical profession generally in treating patients such as Plaintiff STANLEY TELLEZ under the same or similar circumstances in that he failed to determine the cause of Plaintiff STANLEY TELLEZ'S loss of vision in his right eye prior to referring Plaintiff STANLEY TELLEZ for additional cataract surgery on his left eye; lacked the required knowledge and skill; failed to adequately consult in order to acquire the knowledge necessary to avoid the injuries and blindness of STANLEY TELLEZ; failed to adequately inform the Plaintiff STANLEY TELLEZ and his caregiver of the attendant dangers involved in the procedure to be performed on the second eye; and in general acted with negligence, imprudence, and lack of expertise under the circumstances. These failures together with the negligence of Defendant JOSEPH CERAVOLO, M.D. and NORTH COLUMBUS EYE CENTER, P.C. proximately caused the blindness of STANLEY TELLEZ.

11. Defendant JOSEPH CERAVOLO, M.D. was negligent, at fault and guilty of malpractice in that he failed to exercise the degree of skills and care found in the and taking precautions required in the circumstances to prevent injuries including blindness to STANLEY TELLEZ; lacked the required knowledge and surgical skill; failed to adequately consult in order to acquire the knowledge necessary to avoid the injuries and blindness of STANLEY TELLEZ; failed to adequately inform the Plaintiff STANLEY TELLEZ and his caregiver of the attendant dangers involved in the procedure performed on the second eye; and in general acted with negligence, imprudence, and lack of

4

expertise under the circumstances.  These failures together with the negligence of Defendant JOSEPH CERAVOLO, M.D. and NORTH COLUMBUS EYE CENTER, P.C. proximately caused the blindness of STANLEY TELLEZ

12.  Defendant NORTH COLUMBUS EYE CENTER, P.C. was negligent, at fault, and guilty of malpractice in that it failed to insure proper and adequate pre-operative precautions were taken by its employees prior to performing cataract surgery on the second eye of a patient, prior to that patient experiencing a restoration of vision in the first eye operated on.  This failure proximately caused the total blindness of Plaintiff STANLEY TELLEZ.

13.  As a result of the professional negligence, lack of expertise, fault and malpractice of the Defendants, STANLEY TELLEZ was left with serious and permanent eye injuries and is blind.  This injury continues to impede his enjoyment of the normal pursuits and activities of life.  He has suffered and will continue to suffer great mental anquish.

14.  As a result of the professional negligence, lack of expertise, fault and malpractice of the Defendants, Plaintiff STANLEY TELLEZ has incurred and will continue to incur medical expenses.

15.  The damages suffered by Plaintiff STANLEY TELLEZ has a reasonable value of $2,500,000.00.

16.  Plaintiffs reserve the right to rely on the doctrine res ipsa loquiter.

## JURY DEMAND

17.  Plaintiffs demand trial by jury.

## PRAYER

Plaintiffs demand judgment against the Defendants:

a)   In the amount of $2,500,000.00;

b)   An award of costs incurred;

c)   Any other and further relief that this Court may consider just and proper under the circumstances.

Dated: July 21, 2011

/s/ G. Michael Agnew____
G. Michael Agnew
AGNEW LAW GROUP, P.C.
1410 Wynnton Road
Columbus, Georgia 31906
(Mailing address: P.O. Box 1175, Columbus, Ga. 31902)
Telephone: 706-317-1919
Facsimile:   706-317-1919
Email:  Melissacfrost@yahoo.com/Agnewlaw1@yahoo.com
Georgia State Bar No.: 005600
Attorneys for Stanley Tellez, individually and by and through his Guardian